IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY A. LEWIS,

        Plaintiff,

v.                                        CIVIL ACTION NO. 3:09-0135

MOBILE TRAINING & EDUCATION,
INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Remand (Doc. 6), Defendant's Motion for Leave to File a Surreply in Opposition to Plaintiff's Motion to Remand (Doc. 12), and Plaintiff's Motion to Strike Defendant's Surreply in Opposition to Plaintiff's Motion to Remand (Doc. 14). As an initial matter, the Court will consider all of the briefs filed on this issue. Defendants motion for surreply (Doc. 12) is **GRANTED**; Plaintiff's motion to strike that surreply (Doc. 14) is **DENIED**. After consideration of these briefs, and for the reasons explained below, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 14) and **ORDERS** this case be transferred back to the Circuit Court of Wayne County, West Virginia.

**Background**

Plaintiff, Jeffery Lewis, filed suit in the Circuit Court of Wayne County, West Virginia on December 29, 2008. The West Virginia Secretary of State accepted Lewis's summons and complaint on December 31, 2008. The Secretary of State then mailed the summons and complaint to National Registered Agents, Inc ("NRAI"), Defendant's appointed agent for service of process in West Virginia, on January 5, 2009. Both the Secretary of State's records and a certified mail

receipt show that NRAI received these documents on January 5, 2009. For some unknown reason NRAI did not send the summons and complaint to Defendant's principal office until January 16, 2009. Despite the Secretary of State and postal records, the transmittal sheet sent with the summons and complaint from NRAI to Defendant states that service was not received until January 16th. Based on the information in the transmittal sheet, Defendant waited until February 13, 2009 to remove the case.

Plaintiff argues that, because NRAI is Defendant's appointed agent, service was effectuated on January 5, 2009 and that the Defendant filed outside the 30-day window for removal provided by 28 U.S.C. § 1446(b). Defendant argues that removal was timely because Plaintiff's attempt at service was insufficient. The State of West Virginia revoked Defendant's certificate of authority prior to service. According to Defendant, this revocation changed the procedures under which it might properly be served. Because no one complied with the necessary procedures, Defendant argues that service was not complete until February 13, 2009 – the date Defendant filed for removal and waived the defense of improper service.

The arguments over when service occurred complicate this motion. The parties each argue different sides of competing and possibly conflicting provisions of the West Virginia Code. Because of the standard under which this Court reviews a motion to remand, however, it need not conclusively determine which interpretation of the West Virginia Code is correct. There is enough doubt about federal jurisdiction to justify remand.

**Analysis**

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chemicals Co, Inc.* 29 F.3d 148, 151 (4th Cir. 1994). "Because

removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Id.* Here the question of whether removal was proper depends upon whether service was properly effectuated. This is because the 30-day window for removal is only triggered by "formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc,* 526 U.S. 344, 347 (1999). Federal courts must look to state law to determine the procedure for formal service of process. *Id.* at 352-53.

The parties argue competing provisions of West Virginia statutory law. Plaintiff cites W.Va. Code § 31D-15-1510, which governs "Service on a foreign corporation." Given the title, it is not surprising that this section details the methods by which a plaintiff may effectuate service upon a corporation based outside of West Virginia. Part (d) of this section provides that "the Secretary of State is hereby constituted the attorney-in-fact for and on behalf of each foreign corporation authorized to do or transact business in this state pursuant to provisions of this chapter." Part (e) of the section states, "[a]ny foreign corporation doing business in this state without having been authorized to do so pursuant to the provisions of this chapter is conclusively presumed to have appointed the Secretary of State as its attorney-in-fact with authority to accept service of notice and process on behalf of the corporation . . ." Thus, sending service to the Secretary of State is a proper method of effectuating service upon either corporations authorized to do business in West Virginia or corporations doing business in West Virginia without authorization.

The method used by the Secretary of State to complete service does differ depending upon whether or not the corporation is authorized to do business in West Virginia. If the corporation is authorized the Secretary may send it to the corporation's registered agent, the person last designated to receive service, or, if there is no such person, to the corporation's principal place of business.

W.Va. Code § 31D-15-1510(d). If the corporation is not authorized to do business in West Virginia, the Secretary of State has fewer options. In that situation, "the Secretary of State shall . . . transmit one copy of the process or notice by registered or certified mail . . . to the corporation at the address of its principal office." W.Va. Code § 31D-15-1510(e). These directions to the Secretary of State are mirrored in W.Va. Code § 31D-15-1531, which outlines the "Procedure for and effect of revocation [of certificate of authority]." That section provides, "[u]pon receipt of process [on a corporation whose certificate of authority has been revoked] the secretary of state shall mail a copy of the process to the secretary of the foreign corporation at its principal office . . ." W.Va. Code § 31D-15-1531(d). This same section provides, "[r]evocation of a foreign corporation's certificate of authority does not terminate that authority of the registered agent of the corporation." W.Va. Code § 31-15-1531(e). Therefore, although a registered agent does not lose the authority to accept service for a corporation whose certificate of authority has been revoked, the Secretary of State is directed to send service not to that agent, but to the corporation's principal office.

Here, instead of sending the certificate of authority to the Defendant's principal office, the West Virginia Secretary of State sent it to their appointed agent. Defendant's argument is that this mistake by the Secretary of State was fatal to the completion of effective service. Such an argument is plausible. It is not, however, the only or the most likely interpretation of the statute.

The provisions of the West Virginia Code giving the Secretary of State authority to act as attorney-in-fact for both authorized and un-authorized corporations both contain identical language indicating when service is sufficient. These provisions each provide "[s]ervice or acceptance of process or notice is sufficient if the return receipt is signed by an agent or employee of the corporation. . . ." W.Va. Code § 31D-15-1510(d); *accord.* W.Va. Code § 31D-15-1510(e). In this

case there is evidence that an agent of the Defendant signed a certified mail receipt and, consequently, completed service on January 5, 2009.

It is probable that Defendant's agent made a mistake by waiting until the 16th of January to send the complaint and summons to Defendant's principal office, and another mistake by indicating January 16th as the date of its own receipt of those documents. It is also possible that the West Virginia Secretary of State erred by sending the pertinent documents to Defendant's registered agent rather than to its principal office. A reasonable statutory reading, however, shows that these mistakes – neither of which was the fault of the plaintiff – did not affect on the completion of service. Records show that Defendant's appointed agent received service on January 5, 2009. Defendant did not file for removal until February 13, 2009. There is substantial doubt about whether this case was removed within the necessary 30-day window, and about whether federal jurisdiction exists. Remand is proper.

## Conclusion

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 14) and **ORDERS** this case be transferred back to the Circuit Court of Wayne County, West Virginia. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 5, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE